[Cite as *Southerland v. Rankin*, 2014-Ohio-2542.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

William Southerland, Jr., [Individually
and as Class Representative],                :

                                             :
            Plaintiff-Appellant,
                                             :

v.                                           :               No. 13AP-1040
                                                          (C.P.C. No. 13CV-7698)
                                             :
Mike Rankin [Registrar,
Ohio Bureau of Motor Vehicles]               :          (REGULAR CALENDAR)
et al.,
                                             :
            Defendants-Appellees.
                                             :

---

## NUNC PRO TUNC[1]

## D E C I S I O N

### Rendered on June 12, 2014

---

*Goldenberg Schneider, L.P.A., Jeffrey S. Goldenberg* and
*Todd B. Naylor*, **for appellant.**

*Michael DeWine*, **Attorney General, and** *William J. Cole*, **for
appellees.**

---

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1}   William Southerland, Jr., is appealing from the dismissal of his case filed in
the Franklin County Court of Common Pleas.   He assigns a single error for our
consideration:

---

[1] This nunc pro tunc decision was issued to correct a clerical error contained in the style of the original
decision released on June 10, 2014, and is effective as of that date.

The trial court erred by dismissing Plaintiff-Appellant William Southerland Jr.'s complaint based on an erroneous construction of R.C. 4507.24(B) that improperly expanded R.C. 4507.24(A)(2)'s deputy registrar's fee provision to cover applications for temporary instruction permits even though the plain text of R.C. 4507.24(A)(2) only refers to applications for driver's licenses, motorized bicycle licenses, and renewals thereof.

{¶ 2} Counsel for Southerland submits the following six issues as relevant to our consideration of the merits of his assignment of error:

1. Whether R.C. 4507.24(A) authorizes the Bureau of Motor Vehicles to charge temporary instruction permit applicants a $3.50 deputy registrar's fee in addition to application fees set forth in R.C. 4507.23, even though R.C. 4507.24(A) specifies by its very terms that the deputy registrar's fee applies only to "each application for renewal of a driver's license," R.C. 4507.24(A)(1), and "each application for a driver's license, or motorized bicycle license, or for renewal of a such a license." R.C. 4507.24(A)(2). (Assignment of Error I).

2. Whether R.C. 4507.24(B), which states that the deputy registrar's "fees prescribed by [R.C. 4507.24(A)] shall be in addition to the fee for a temporary instruction permit and examination, a driver's license, a motorized bicycle license, or duplicate thereof," expands the scope of R.C. 4507.24(A) to cover transactions beyond those categories specifically enumerated in R.C. 4507.24(A)(1) and R.C. 4507.24(A)(2). (Assignment of Error I).

3. Whether R.C. 4507.24(A) is unambiguous and must therefore be applied as written. (Assignment of Error I).

4. Whether the trial court's interpretation of R.C. 4507.24 runs afoul of the canon of statutory construction expressio unius est exclusion alterius which holds that "to express or include one thing implies the exclusion of the other, or of the alternative." (Assignment of Error I).

5. Whether the trial court's interpretation of R.C. 4507.24 improperly renders R.C. 4507.24(A)'s own language superfluous and meaningless in contravention of a canon of statutory construction. (Assignment of Error I).

6. Whether the 79-year legislative history of R.C. 4507.24 unequivocally demonstrates that deputy registrar's fees do not apply to applications for temporary instruction permits. (Assignment of Error I).

{¶ 3} As stated more succinctly by appellant:

This putative class action alleges that the Ohio Bureau of Motor Vehicles is violating the Ohio Revised Code by charging more than $18.50 for applications for temporary instruction permits.

{¶ 4} Southerland is the father of three children who in recent years have gotten temporary instruction permits. He is asserting on behalf of himself and the class he attempts to have recognized that he overpaid for the permits because he was assessed a deputy registrar's fee each time he helped his children get such a permit. He bases his assertion on R.C. 4507.23 and 4507.24(A). R.C. 4507.23 reads:

Except as provided in division (I) of this section, each application for a temporary instruction permit and examination shall be accompanied by a fee of five dollars.

(B) Except as provided in division (I) of this section, each application for a driver's license made by a person who previously held such a license and whose license has expired not more than two years prior to the date of application, and who is required under this chapter to give an actual demonstration of the person's ability to drive, shall be accompanied by a fee of three dollars in addition to any other fees.

(C)

(1) Except as provided in divisions (E) and (I) of this section, each application for a driver's license, or motorcycle operator's endorsement, or renewal of a driver's license shall be accompanied by a fee of six dollars.

(2) Except as provided in division (I) of this section, each application for a duplicate driver's license shall be accompanied by a fee of seven dollars and fifty cents. The duplicate driver's licenses issued under this section shall be distributed by the deputy registrar in accordance with rules adopted by the registrar of motor vehicles.

(D) Except as provided in division (I) of this section, each application for a motorized bicycle license or duplicate thereof shall be accompanied by a fee of two dollars and fifty cents.

(E) Except as provided in division (I) of this section, each application for a driver's license or renewal of a driver's license that will be issued to a person who is less than twenty-one years of age shall be accompanied by whichever of the following fees is applicable:

(1) If the person is sixteen years of age or older, but less than seventeen years of age, a fee of seven dollars and twenty-five cents;

(2) If the person is seventeen years of age or older, but less than eighteen years of age, a fee of six dollars;

(3) If the person is eighteen years of age or older, but less than nineteen years of age, a fee of four dollars and seventy-five cents;

(4) If the person is nineteen years of age or older, but less than twenty years of age, a fee of three dollars and fifty cents;

(5) If the person is twenty years of age or older, but less than twenty-one years of age, a fee of two dollars and twenty-five cents.

(F) Neither the registrar nor any deputy registrar shall charge a fee in excess of one dollar and fifty cents for laminating a driver's license, motorized bicycle license, or temporary instruction permit identification cards as required by sections 4507.13 and 4511.521 of the Revised Code. A deputy registrar laminating a driver's license, motorized bicycle license, or temporary instruction permit identification cards shall retain the entire amount of the fee charged for lamination, less the actual cost to the registrar of the laminating materials used for that lamination, as specified in the contract executed by the bureau for the laminating materials and laminating equipment. The deputy registrar shall forward the amount of the cost of the laminating materials to the registrar for deposit as provided in this section.

(G) Except as provided in division (I) of this section, each transaction described in divisions (A), (B), (C), (D), and (E) of this section shall be accompanied by an additional fee of twelve dollars. The additional fee is for the purpose of defraying the department of public safety's costs associated with the administration and enforcement of the motor vehicle and traffic laws of Ohio.

(H) At the time and in the manner provided by section 4503.10 of the Revised Code, the deputy registrar shall transmit the fees collected under divisions (A), (B), (C), (D), and (E), those portions of the fees specified in and collected under division (F), and the additional fee under division (G) of this section to the registrar. The registrar shall pay two dollars and fifty cents of each fee collected under divisions (A), (B), (C)(1) and (2), (D), and (E)(1) to (4) of this section, and the entire fee collected under division (E)(5) of this section, into the state bureau of motor vehicles fund established in section 4501.25 of the Revised Code, and such fees shall be used for the sole purpose of supporting driver licensing activities. The registrar also shall pay five dollars of each fee collected under division (C)(2) of this section and the entire fee collected under division (G) of this section into the state highway safety fund created in section 4501.06 of the Revised Code. The remaining fees collected by the registrar under this section shall be paid into the state bureau of motor vehicles fund established in section 4501.25 of the Revised Code.

(I) A disabled veteran who has a service-connected disability rated at one hundred per cent by the veterans' administration may apply to the registrar or a deputy registrar for the issuance to that veteran, without the payment of any fee prescribed in this section, of any of the following items:

(1) A temporary instruction permit and examination;

(2) A new, renewal, or duplicate driver's or commercial driver's license;

(3) A motorcycle operator's endorsement;

(4) A motorized bicycle license or duplicate thereof;

(5) Lamination of a driver's license, motorized bicycle license, or temporary instruction permit identification card as provided in division (F) of this section.

An application made under division (I) of this section shall be accompanied by such documentary evidence of disability as the registrar may require by rule.

R.C. 4507.24(A) reads:

(A) Except as provided in division (C) of this section, the registrar of motor vehicles or a deputy registrar may collect a fee not to exceed the following:

(1) Four dollars and fifty cents commencing on January 1, 2004, and six dollars and twenty-five cents commencing on October 1, 2009, for each application for renewal of a driver's license received by the deputy registrar, when the applicant is required to submit to a screening of the applicant's vision under section 4507.12 of the Revised Code;

(2) Three dollars and fifty cents commencing on January 1, 2004, for each application for a driver's license, or motorized bicycle license, or for renewal of such a license, received by the deputy registrar, when the applicant is not required to submit to a screening of the applicant's vision under section 4507.12 of the Revised Code.

{¶ 5} The State of Ohio entities assert that these code sections must be read in pari materia with R.C. 4507.24(B) which reads:

(B) The fees prescribed by division (A) of this section shall be in addition to the fee for a temporary instruction permit and examination, a driver's license, a motorized bicycle license, or duplicates thereof. The fees retained by a deputy registrar shall compensate the deputy registrar for the deputy registrar's services, for office and rental expense, and for costs as provided in division (D) of this section, as are necessary for the proper discharge of the deputy registrar's duties under sections 4507.01 to 4507.39 of the Revised Code.

{¶ 6} Specifically, Southerland argues and his complaint alleges that R.C. 4507.23 authorizes the charging of only $18.50 for temporary instruction permits. He asserts that R.C. 4507.24(A) refers to taking an additional fee for deputy registrars for applications for

driver's licenses and motorcycle licenses only. He asserts that driver's licenses do not include temporary instruction permits, so R.C. 4507.24(A) does not authorize the additional charge for temporary instruction permits. Since R.C. 4507.24(A) does not expressly authorize the add on from his point of view, he argues the add-on fee cannot be assessed.

{¶ 7} We disagree with the initial assertion that temporary instruction permits are not driver's licenses. Temporary instruction permits give persons learning to drive a motor vehicle the authority to operate a motor vehicle on public streets and highways in the State of Ohio. Persons with temporary instruction permits have certain restrictions on their driving, but they would have no authority to operate a motor vehicle on a public street or highway in Ohio but for the temporary instruction permit. Temporary instruction permits are a form of driver's license.

{¶ 8} We note that the words "driver" and "license" are defined by statute. "Driver" is defined in R.C. 4509.01(B) as follows:

> "Driver" means every person who drives or is in actual physical control of a motor vehicle.

{¶ 9} "License" is defined in R.C. 4509.01(C):

> 1. "License" includes any license, permit, or privilege to operate a motor vehicle issued under the laws of this state including:
>
> 2. Any temporary instruction permit or examiner's driving permit;
>
> 3. The privilege of any person to drive a motor vehicle whether or not such person holds a valid license;
>
> 4. Any nonresident's operating privilege.

{¶ 10} These definitions are specifically applicable to R.C. 4509.01 to 4509.78, but are an implication that the phrase "driver's licenses" is meant to include temporary instruction permits. The definitions in R.C. 4507.01 have not been updated for years and therefore they do not include the phrase "temporary instruction permit." Instead, the definition refers to "probationary license" and defines the phrase as follows:

> "Probationary license" means the license issued to any person between sixteen and eighteen years of age to operate a motor vehicle.

{¶ 11} The phrase "driver's license" is defined in R.C. 4507.01 as follows:

> "Driver's license" means a class D license issued to any person to operate a motor vehicle or motor-driven cycle, other than a commercial motor vehicle, and includes "probationary license," "restricted license," and any operator's or chauffeur's license issued before January 1, 1990.

{¶ 12} These definitions are consistent with considering "temporary instruction permit" as a form of driver's license for purposes of R.C. 4507.01 et seq.

{¶ 13} Because the temporary instruction permits are a form of driver's license, the statutes set forth above, particularly R.C. 4507.24(A) and (B), expressly authorize the $3.50 deputy registrar's fee.

{¶ 14} Even if a temporary instruction permit is not viewed as a form of driver's license, R.C. 4507.24(B) expressly authorizes an additional fee for a temporary instruction permit and examination. R.C. 4507.23 does not expressly bar such a fee. It enables a fee to be charged and lists the fees it expressly allows. Expressly allowing one fee does not bar the State of Ohio from charging additional fees, especially given the clear statutory enactment of R.C. 4507.24(B). R.C. 4507.23 and 4507.24 need to be read together and both given effect. In technical terms, they need to be read in pari materia.

{¶ 15} The trial court correctly construed the pertinent statutes. The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and O'GRADY, J., concur.

_____